**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| CHEMRX PHARMACY SERVICES, LLC    ) | **Civil Action: 1:11-cv-09042-GBD** |
|             ) | |
|         Plaintiff,    ) | **AFFIDAVIT OF CHRISTINE A.** |
|             ) | **SEBOURN IN SUPPORT OF** |
| v.    ) | **PLAINTIFF'S MOTION FOR** |
|             ) | **DEFAULT JUDGMENT** |
| MARY ELLEN CONVALESCENT HOME, INC.,  ) | |
|             ) | |
|         Defendant    ) | |

| | |
|---|---|
| COMMONWEALTH OF KENTUCKY    ) | |
|             )   SS: | |
| COUNTY OF JEFFERSON    ) | |

Christine A. Sebourn, being duly sworn, deposes and says:

1.      I am a member of the Bar of this Court and am associated with the firm of FULTZ MADDOX HOVIOUS & DICKENS PLC, attorneys for plaintiff, ChemRx Pharmacy Services, LLC ("Plaintiff" or "ChemRx"), in the above-caption action. I am familiar with all the facts and circumstances in this action.

2.      I make this Affidavit pursuant to Fed. R. Civ. P. 55(b) and Rule 55.2 of the Local Civil Rules for the Southern District of New York in support of Plaintiff's motion for the entry of a default judgment against Defendant, Mary Ellen Convalescent Home, Inc. ("Defendant" or "Mary Ellen").

3.      This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, as there is complete diversity of citizenship between the parties and the amount in

controversy exceeds $75,000.[1]  The parties consented to the personal jurisdiction of the Court in the agreement described below.

4.      This action was commenced on December 9, 2011 by the filing of the Summons and Complaint.  Attached as Exhibits A and B, respectively, are true and accurate copies of the Summons and Complaint.

5.      In accordance with the Federal Rules of Civil Procedure, the Summons and Complaint (and all other required documents) were served on Defendant on December 19, 2011 at its place of business, 1896 Leithsville Road, Hellertown, Pennsylvania 18055, by personally delivering copies to Jeff Cane, LPN.  Attached as Exhibit C is a true and accurate copy of the Certificate of Service.   Proof of service was filed on December 27, 2010.  *See* Docket Entry 4.

6.      Defendant has not answered or otherwise responded to the Complaint and the time for Defendant to do so has expired.  *See generally* Docket.

7.      In accordance with Local Civil Rule 55.1, on January 17, 2012, I filed an Application for the issuance of a Certificate of Default.  *See* Docket Entry 6.

8.      The Clerk entered the Certificate of Default on January 18, 2012.  Attached as Exhibit D is a true and correct copy of the Certificate of Default.  *See also* Docket Entry 7.

9.      As set forth in the Complaint, this action arises out of Defendant's failure to pay Plaintiff for pharmacy-related goods and services provided by Plaintiff to the residents of a skilled nursing facility owned and operated by Defendant.  These goods and services were provided pursuant to an agreement between the parties,[2] which obligated Defendant to pay for

---

[1] As set forth in the Complaint, ChemRx is a limited liability company organized in Delaware. Its sole member, Pharmacy Corporation of America, is a California corporation with its principal place of business in Kentucky. Mary Ellen is a Pennsylvania corporation with its principal place of business in Pennsylvania.

[2] ChemRx was assigned the Agreement by the original contracting party, CRC PA, LLC f/k/a ChemRx/Salernos, LLC ("CRC"), in connection with a transaction whereby ChemRx purchased certain of CRC's assets. *See* Affidavit of Berard Tomassetti ¶ 3.

the goods and services provided by Plaintiff (the "Agreement"). *See generally* Compl. and Agreement attached thereto.

10.     As set forth in the accompanying Affidavit of Berard Tomassetti, Plaintiff forwarded to Defendant invoices for the goods and services it provided.  The total amounts due and owing by Defendant pursuant to those invoices, exclusive of interest, attorneys' fees and costs, is $69,064.49. *See* Tomassetti Aff. ¶ 5.

11.     Pursuant to Paragraph 3.4 of the Agreement, Defendant agreed that if it did not pay an invoice within 30 days, interest of 1.5% per month accrued on the unpaid balance.  A paralegal in my office under my direction and control applied this formula to determine the amount of interest due and owing by Defendant to Plaintiff.   A true and correct copy of an Excel spreadsheet showing the amount of interest due and owing as of February 25, 2012, totaling $21,174.18, is attached hereto as Exhibit E.  This spreadsheet also shows that interest continues to accrue on the amounts due and owing at a rate of $34.06 per day.

12.     Pursuant to Paragraph 3.4 of the Agreement, Defendant also agreed that it would "reimburse ChemRx for any and all costs incurred to collect payment from [Defendant], including, without limitation, reasonable attorneys' fees."

13.     Attached as Exhibit F is a true and correct copy of a billing statement generated by my office, which shows that Plaintiff has incurred $5,133.00 in attorneys' fees to date in connection with collecting payment from Defendant.  Plaintiff has paid or will pay such fees, which are based on contemporaneously kept time records and set forth in monthly bills to Plaintiff.  The amount of fees incurred to date is reasonable in light of the work completed, which included preparation of the Complaint, the application for a Certificate of Default, and this

Motion for Default Judgment, among other actions necessary for the pursuit of this lawsuit. Pursuant to Paragraph 3.4 of the Agreement, Plaintiff is entitled to recover this amount.

14.     Plaintiff has also incurred $390.00 in costs, representing a filing fee of $350.00 and a process server fee of $40.00.  Pursuant to Paragraph 3.4 of the Agreement, Plaintiff is entitled to recover this amount.

15.     Accordingly, as set forth in the Statement of Damages, Plaintiff respectfully requests the entry of judgment for the unpaid invoices totaling $69,064.49, plus interest at 1.5% per month on each outstanding invoice totaling $21,174.18, for a combined total of $90,238.67 (through February 25, 2012), plus per diem prejudgment interest at the rate of $34.06 until entry of judgment, together with attorneys' fees in the amount of $5,133.00, and costs in the amount of $390.00.

I swear under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Dated: 2/27/2012

Christine A. Sebourn

Sworn to before me this 27th
day of February, 2012.



Julie K. McKnight 406034
Notary Public
My Commission Expires: 10/03/2013

4